# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EDDIE WILLIAMS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 2:25-cv-02104-SHM-tmp |
| ) | |
| ELIZABETH SMITH, ET AL., ) | |
|     Defendants. ) | |

**ORDER DISMISSING CONSOLIDATED COMPLAINT WITH PREJUDICE, DENYING MOTION FOR THE APPOINTMENT OF COUNSEL, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, NOTIFYING PLAINTIFF OF COURT'S STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g), AND CLOSING CASE**

Plaintiff Eddie Williams, booking number 24116623, an inmate at the Shelby County Jail in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 with an incorporated motion for the appointment of counsel. (ECF No. 1.) Williams filed two motions for leave to proceed *in forma pauperis*. (ECF Nos. 2 & 8.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 15.)

Williams filed an amended motion for the appointment of counsel (ECF No. 6) and a motion for a temporary restraining order (ECF No. 7). Williams filed an amended complaint. (ECF No. 13.) The Court CONSOLIDATES the original complaint and the amended complaint for the purpose of screening Williams' claims under the PLRA.

For the reasons that follow, Williams' consolidated complaint is DISMISSED WITH PREJUDICE. Williams' motions for the appointment of counsel and for a temporary restraining order are DENIED.

## I.     BACKGROUND

Williams alleges that on November 27, 2024, Shameika Sims, a parole officer, issued an arrest warrant based on Williams' alleged violation of the conditions of his parole. (ECF No. 13 at PageID 51.) Williams has attached a Parole Violation Report--Notice of Charges from the Tennessee Board of Probation and Parole ("Notice of Charges") to his complaint. (ECF No. 13-1 at PageID 56.) The Notice of Charges alleges that Williams violated the condition of his parole requiring Williams to "obey the laws of the United States or any state," by committing the crimes of assault, aggravated assault, and stalking. (*Id*.) The Notice of Charges alleges that Williams' criminal conduct violated the condition prohibiting Williams from "engag[ing] in assaultive, abusive, threatening or intimidating behavior." (*Id*.)

The Notice of Charges alleges that on March 22, 2024, Elizabeth Smith called the police and stated that Williams had been "following her and harassing her." (*Id*.) The Notice of Charges alleges that Williams "work[ed] maintenance" at Smith's apartment complex. (*Id*.) The Notice of Charges alleges that on March 22, 2024, Smith was "walking through the complex" when Williams "came out of his unit, chased [Smith] down and struck her several times on her left shoulder with his fist, leaving it bruised and sore." (*Id*.)

The Notice of Charges alleges that Smith called the police again on April 1, 2024. (*Id*.) The Notice of Charges alleges that Smith was walking through the apartment complex when Williams "came out of nowhere" and began swinging a metal pipe at Smith. (*Id*.) The Notice of Charges alleges that Williams hit Smith on the wrist with the pipe and "fled the scene." (*Id*.) The

2

Notice of Charges alleges that Smith suffered a broken wrist from the attack. (*Id.*) The Notice of Charges alleges that Smith gave a police statement on April 4, 2024, and "positively identified Eddie Williams in a six photo lineup" as the person who assaulted Smith. (*Id.*)

Williams alleges that Smith "made false police reports." (ECF No. 13 at PageID 52.) Williams alleges that Smith's police reports were "dismiss[ed] by the Criminal Court for Shelby County." (*Id.*) Williams alleges that he presented evidence to a parole officer, showing that Williams had not violated the conditions of his parole. (*Id.*) Williams alleges that he presented, among other documents, an "order of dismissal by courts" and an "order of expungement of the records." (*Id.*)

Williams alleges that he was not given sufficient notice of his revocation hearing. (*Id.* at PageID 53.) Williams alleges that his revocation hearing did not comply with the rules governing parole proceedings in Tennessee. (*Id.*) Williams alleges that he was not informed of his rights to "present witnesses and documentary evidence" on his behalf. (*Id.* at PageID 54.) Williams alleges that he was sentenced to a year of imprisonment based solely on Smith's false allegations. (*Id.* at PageID 55.) Williams alleges that his revocation proceedings and incarceration violated his rights under the 6th, 8th, and 14th Amendments. (*See* ECF No. 1 at PageID 7.)

Williams sues as Defendants: (1) Officer Sims, (2) Smith, and (3) the Tennessee Board of Probation and Parole. (*Id.* at PageID 1.) Williams seeks "immediate release from prison" and a temporary restraining order against Defendants. (*Id.* at PageID 7.) Williams asks the Court to issue a "criminal charge" against Smith for perjury. (*Id.*) Williams seeks $10,000 in monetary damages and $20,000 in punitive damages against each Defendant. (*Id.* at PageID 8.)

II.     **SCREENING THE COMPLAINT**

    A.  **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal

4

of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.  REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Williams sues under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

Williams alleges that the revocation proceedings and his resulting incarceration violated his constitutional rights under the 6th, 8th, and 14th Amendments.[1]  (*See* ECF No. 1 at PageID 7.)

The Court need not analyze Williams' constitutional claims about his parole revocation and incarceration because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The Shelby County Jail's Inmate Database shows that Williams is presently confined at the Shelby County Jail, and his status is listed as "sentenced."  (*See* https://imljail.shelbycountytn.gov/IML

---

[1] Williams seeks "immediate release from prison."  (ECF No. 1 at PageID 7.)  For a state prisoner who challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

5

(Booking No. 24116623) (last accessed Apr. 15, 2025).)  Williams' claims call into question the validity of the revocation of his parole, which has not been reversed, expunged, declared void, or otherwise called into question.  Williams' claimed constitutional violations are not cognizable under § 1983 and are DISMISSED WITH PREJUDICE.  *See Heck*, 512 U.S. at 487.

### IV.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).  Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint.  *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court DENIES leave to amend.  Williams cannot cure the deficiencies in the consolidated complaint because all of his claims are barred by *Heck*.

### V.     APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Williams would not be taken in good faith.  If Williams nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605 appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with § 1915(a)-(b).

## VI. <u>NOTICE OF STRIKE RECOMMENDATION</u>

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## VII. <u>CONCLUSION</u>

For the reasons explained above:

A. Williams' § 1983 claims are DISMISSED WITH PREJUDICE for failure to allege facts stating a claim on which relief can be granted. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)-(2). Williams' § 1983 claims are barred by *Heck*.

B. Leave to amend is DENIED. The Court recommends that this dismissal be treated as a strike pursuant to § 1915(g). *See Simons*, 996 F.3d 350.

C. The Court CERTIFIES that an appeal would not be taken in good faith and DENIES leave to proceed *in forma pauperis* on appeal.

D. This case is DISMISSED in its entirety.

E. Because the Court has dismissed Williams' case in its entirety, Williams' motions for the appointment of counsel (ECF No. 6) and for a temporary restraining order (ECF No. 7) are DENIED.

IT IS SO ORDERED, this <u>16th</u> day of April, 2025.

<u>/s/ Samuel H. Mays, Jr.</u><br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE